Sharon D. Cousineau
Samwel, Cousineau & Shea, PC
700 West Evergreen Blvd.
Vancouver, WA 98660
Tel. 360-750-3789
Fax 360-750-3788
scousineau@scslawoffice.com
CHRIS BODEWIG

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PENDLETON DIVISION**

| | |
|---|---|
| CHRIS BODEWIG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:15-cv-223 |
| ALLIED INTERSTATE, LLC, | ) ) ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, CHRIS BODEWIG ("Plaintiff"), through his attorneys, Samwel, Cousineau & Shea, PC, alleges the following against Defendant, ALLIED INTERSTATE, LLC ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. §1692, et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k (FDCPA).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Pilot Rock, Umatilla County, Oregon.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. §1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. §1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a national collection agency headquartered in Plymouth, Hennepin County, Minnesota.

11. Defendant is a business entity engaged in the collection of debt within the State of Oregon.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned a reference number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a debt from Plaintiff's son arising from a Wells Fargo Bank account.

19. Plaintiff's son's alleged debt arises from transactions for personal, family, and household purposes.

20. In or around June 2014, Defendant began calling Plaintiff on his home telephone at 541-443-23XX.

21. Defendant calls Plaintiff from 877-488-1792.

22. 877-488-1792 is one of Defendant's telephone numbers.

23. In or around June 2014, Plaintiff answered at least one collection call placed by Defendant's collectors.

24. During at least one of the aforementioned collection calls:

    a. Defendant's collector did not disclose that the collector was calling on behalf of ALLIED INTERSTATE, LLC, even after asked by Plaintiff. Defendant's collector finally revealed that the collector was calling Plaintiff on behalf of Defendant after Plaintiff gave the collector an ultimatum that Plaintiff would terminate the telephone call if the collector did not identify who the collector was calling on behalf of;

    b. Plaintiff then learned that Defendant's collector was attempting to locate and collect a debt from Plaintiff's son;

    c. Defendant's collector revealed to Plaintiff that the collector was attempting to

3

collect a $1,500 Wells Fargo Bank debt from Plaintiff's son incurred in 2000; and

d. Plaintiff told Defendant's collectors to stop calling Plaintiff.

25. Although Defendant's collectors temporarily stopped calling the Plaintiff, in or around November 2014, Defendant's collectors resumed placing calls to Plaintiff.

26. Defendant typically calls Plaintiff every day of the week.

27. In or around November 2014, Plaintiff answered at least one collection call placed by Defendant's collectors.

28. During the aforementioned collection call, as he did in or around June 2014, Plaintiff again told Defendant's collector to stop calling Plaintiff.

29. Despite Plaintiff's efforts to get the Defendant's collectors to stop calling him, the calls from Defendant's collectors have continued.

30. Plaintiff is not a co-signor or otherwise responsible for the debt Defendant is attempting to collect from Plaintiff's son.

31. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

32. Defendant violated the FDCPA based on the following:

a. Defendant violated §1692b(1) of the FDCPA by Defendant's collector failing to identify the Defendant as the collector's employer after expressly requested by Plaintiff and who only finally and reluctantly disclosed the name of the Defendant as the collector's employer after Plaintiff had to demand the identity of the collector's employer with the ultimatum that Plaintiff would otherwise terminate the telephone conversation;

b. Defendant violated §1692b(2) of the FDCPA by Defendant's collector stating to Plaintiff that Plaintiff's son owed any debt;

c. Defendant violated §1692b(3) of the FDCPA by its collectors communicating with Plaintiff more than once and not reasonably believing that the earlier response of the Plaintiff was erroneous or incomplete and that Plaintiff now had correct or complete location information;

d. Defendant violated §1692d of the FDCPA by engaging in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt when Defendant's collectors continued to call Plaintiff repeatedly for a debt he does not even owe and after being told several times to stop calling the Plaintiff;

e. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant's collectors continued to call Plaintiff repeatedly for a debt he does not even owe and after being told several times to stop calling the Plaintiff;

f. Defendant violated §1692d(6) of the FDCPA by placing telephone calls to Plaintiff without meaningful disclosure of the caller's identity when Defendant's collector failed to initially disclose that the collector was calling on behalf of the Defendant—notwithstanding the §1692b(1) prohibition because as a third-party to the debtor Plaintiff expressly requested the identity of the collector's employer and collector attempted to dodge revealing the identity of the Defendant as the collector's employer;

    g. Defendant violated §1692e of the FDCPA by using any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant's collector attempted to conceal the collector's identity as a debt collector despite Plaintiff expressly requesting the identity of Defendant's collector's employer;

    h. Defendant violated §1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer when Defendant's collector attempted to conceal the collector's identity as a debt collector despite Plaintiff expressly requesting the identity of Defendant's collector's employer; and

    i. Defendant violated §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt when Defendant's collectors continued to harass and badger Plaintiff over a debt owed by Plaintiff's son even after repeatedly being told by the Plaintiff not to call the Plaintiff.

WHEREFORE, Plaintiff, CHRIS BODEWIG, respectfully requests judgment be entered against Defendant, ALLIED INTERSTATE, LLC, for the following:

33. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k;

34. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k; and

35. Any other relief that this Honorable Court deems appropriate.

[INTENTIONALLY LEFT BLANK]

DATED: January 12, 2014          RESPECTFULLY SUBMITTED,


                By:          /s/ Sharon D. Cousineau
                          Sharon D. Cousineau
                          Samwel, Cousineau & Shea, PC
                          700 West Evergreen Blvd.
                          Vancouver, WA 98660
                          Tel. 360-750-3789
                          Fax 360-750-3788
                          scousineau@scslawoffice.com